IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM H. STOLLER, an, | ) | |
| individual and trustee of the William H. | ) | |
| Stoller Trust, for himself and | ) | |
| derivatively on behalf of Express | ) | |
| Services, Inc., a nominal defendant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-1144-C |
| | ) | |
| ROBERT A. FUNK, an individual and | ) | |
| trustee of the Robert A. Funk Trust, | ) | |
| the ROBERT A. FUNK TRUST, | ) | |
| ROBERT E. FELLINGER, and | ) | |
| JERI CRAIG, individuals, and EXPRESS | ) | |
| SERVICES, INC., a Colorado corporation, | ) | |
| nominal defendant, | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff filed the present derivative action following the inability of the parties to

resolve complaints raised by Plaintiff about monetary transactions engaged in by Defendant

Funk and nominal defendant ESI.  According to Plaintiff, Defendant Funk, by virtue of

actions taken by ESI, deprived him of substantial amounts of money.  Plaintiff brought the

present action seeking to recover those funds.

Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that

Plaintiff has failed to state a claim for relief.  According to Defendants, the actions of which

Plaintiff complains are protected by the Business Judgment Rule and Plaintiff has failed to

allege facts sufficient to show the that ESI Board's actions and response to his demand were

made in bad faith or the result of an unreasonable investigation.  In the alternative, Defendants seek dismissal of Plaintiff's First and Second claims because the terms of the relevant agreement require the payments of which Plaintiff complains.  Defendants assert the Third, Fourth, and Fifth claims fail to state a claim because Defendant ESI was required as a matter of law to make the swap interest payments under the guaranty.  Finally Defendants argue that Plaintiff's Eleventh and Twelfth claims regarding waste and mismanagement for loaning money to entities co-owned equally by Plaintiff and Defendant Robert Funk fail to state a claim because Plaintiff has made no allegation that said loans were unauthorized, unlawful, or that ESI has suffered any loss by reason of those loans.  In response, Plaintiff asserts that he has sufficiently pleaded facts which state a claim for the relief requested.

## **STANDARD OF REVIEW**

Defendants' request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to examine the well-pleaded allegations in Plaintiff's Complaint and determine if those allegations state a plausible claim for relief.  The Court must examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)).  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support

for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1247 (10th Cir. 2007).

After review of the Complaint and the parties' briefs relating to the motions to dismiss, the Court finds that the motions must be denied.  While ultimately Defendants may prevail on the arguments raised in their motions, at this stage the Court must confine itself to the well-pleaded allegations in the Complaint, accept those allegations as true, and determine if those allegations raise a plausible claim for relief.  Alvarado, 493 F.3d at 1215.

Each of the arguments presented by Defendants for dismissal would require the Court to make judgments regarding the ability of Plaintiff to prove claims and/or weigh the factual issues surrounding those claims.  Of course, at this stage of the proceedings, the Court is forbidden to take either course of action.

Accordingly, the Motion to Dismiss of Robert E. Fellinger and Jeri Craig (Dkt. No. 39), and the Motion to Dismiss of Defendants Robert A. Funk and the Robert A. Funk Trust (Dkt. No. 38) are denied.

IT IS SO ORDERED this 3rd day of February, 2012.

ROBIN J. CAUTHRON
United States District Judge

3