IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM H. STOLLER, an, individual and trustee of the William H. Stoller Trust, for himself and derivatively on behalf of Express Services, Inc., a nominal defendant, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   No. CIV-11-1144-C<br>) |
| ROBERT A. FUNK, an individual and trustee of the Robert A. Funk Trust, the ROBERT A. FUNK TRUST, ROBERT E. FELLINGER, and JERI CRAIG, individuals, and EXPRESS SERVICES, INC., a Colorado corporation, nominal defendant, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

O R D E R

Defendant Robert E. Fellinger filed a Motion for Protective Order challenging Plaintiff's attempts to obtain discovery on issues related to litigation involving a former employee of Express Services, Linda Haneborg. Several years ago, Ms. Haneborg filed a claim against Express Services, Inc., alleging she had been sexually harassed. Plaintiff now seeks discovery related to the sexual harassment claim. In support of his discovery requests, Plaintiff argues that the discovery is necessary, as it goes to Defendant Fellinger's bias and credibility and may lead to evidence which would demonstrate that Defendant Fellinger is beholden to Defendant Funk because of his support of Defendant Fellinger during the Haneborg litigation. According to Plaintiff, given the evidence against Mr. Fellinger arising from the Haneborg litigation, no reasonable Board of Directors would have continued the employment of Mr. Fellinger and the

fact that Mr. Fellinger remained active on the Express Board demonstrates the bias or connection between Defendant Fellinger and Defendant Funk.  Defendant Fellinger requests the Court to prevent the discovery, arguing it is irrelevant to the issues in the underlying case and amounts to nothing more than a fishing expedition.

While issues related to the bias or credibility of a witness are afforded wide latitude, the discovery sought by Plaintiff exceeds even those far boundaries.  Ultimately, any documentary evidence related to the Haneborg litigation would not be admissible at trial under Fed. R. Evid. 403, as its probative value would be substantially outweighed by the waste of time necessary to establish and rebut those facts.  While the Court recognizes that under the rules of discovery the information sought need not be admissible, it must have some tendency to lead to admissible evidence.  Here, the Court finds that the discovery sought is not reasonably calculated to lead to admissible evidence, but rather is discovery sought for the purpose of embarrassment or harassment of Defendant Fellinger.  The Court's determination in this matter is based in part upon Defendant Fellinger's reply and the supporting documents therein, noting Plaintiff's continued endorsement of Defendant Fellinger following the issues surrounding the Haneborg litigation and the fact that Plaintiff was involved in and approved of the decision to settle the Haneborg claim.  Thus, it would appear that Defendant Fellinger is at least as beholden to Plaintiff as he is to Defendant Funk within the context of resolution of the Haneborg litigation. Plaintiff's counter argument set forth in his surreply[*] does not change the Court's determination

---

[*] The Court notes that although Plaintiff has not filed his surreply, it was filed under seal as an attachment to the Motion for Leave to File.  Therefore, the Court has had an opportunity to review the substance of the argument raised therein.

on this issue. In short, given the very limited probative value of the evidence sought, the Court finds discovery is not warranted.

Defendant Fellinger has also filed a Motion to Quash Subpoena Duces Tecum issued to Linda Haneborg, Thomas Richards, and the law firm of McAfee & Taft, P.C. It appears that the subpoenas issued to Linda Haneborg and McAfee & Taft are solely related to seeking documents connected to the Haneborg litigation. Consequently, because the Court has determined that discovery on that issue is improper, the subpoenas are likewise improper and they will be quashed. As for the subpoena issued to Mr. Richards, it appears that in addition to matters related to the Haneborg litigation, the subpoena seeks other documents. Therefore, to the extent that subpoena seeks documents unrelated to the Haneborg litigation, Defendant Fellinger's request to have it quashed is denied.

Accordingly, Defendant Robert E. Fellinger's Motion for Protective Order (Dkt. No. 109) is GRANTED. Defendant Fellinger's Motion to Quash Subpoenas Duces Tecum (Dkt. No. 110) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 19th day of June, 2013.

ROBIN J. CAUTHRON
United States District Judge