IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WILLIAM H. STOLLER, an individual )
and trustee of the William H. Stoller )
Trust, for himself and derivatively on )
behalf of Express Services, Inc., a )
nominal defendant, )
)
                Plaintiff, )
)
      vs. )         No. CIV-11-1144-C
)
ROBERT A. FUNK, an individual and )
trustee of the Robert A. Funk Trust, )
the ROBERT A. FUNK TRUST, )
ROBERT E. FELLINGER, and )
JERI CRAIG, individuals, and EXPRESS )
SERVICES, INC., a Colorado corporation, )
nominal defendant, )
)
             Defendants. )

## MEMORANDUM OPINION AND ORDER

       Plaintiff filed the present Motion to Compel, arguing that despite proper discovery

requests being served, Defendants Robert A. Funk and the Robert A. Funk Trust have failed

to produce appropriate responses.  Plaintiff sets forth four categories of documents which he

asserts are pending.  However, after review of the parties' briefs and their supporting

documents, it appears that the dispute is in reality limited to documents which were

exchanged between Defendant Funk and Mrs. Funk in their ongoing divorce proceedings.

Defendants argue that Plaintiff's request should be denied, as the parties have not complied

with Rule 37.1's meet-and-confer.  However, after reviewing the documentation exchanged

by the parties, and considering the scope of the motion as outlined above, the Court finds that an appropriate conference has occurred.

Plaintiff's discovery requests can be summed up by a statement from his counsel outlining the scope of the discovery requests:

> Please produce immediately all documents related to Mr. Funk's assets and liabilities at any time since 2006 and the 2007 Shareholders' Agreement, regardless of whether they have been exchanged or used in the divorce case. If you contend any of the documents are privileged, please identify them immediately on a privilege log so that we may assess the basis of the privilege.

(Pl.'s Mtn., Dkt. No. 117.)  For the most part this request seeks documents that, given the broad scope of Plaintiff's claims, are discoverable.   The sole exception is Plaintiff's insistence on obtaining documents prepared for purposes of attempted settlement in the Funk divorce.   Documents prepared during the divorce proceedings which were to be used in settlement negotiations are not discoverable in this matter.   Such documents are irrelevant and are likely shielded by Fed. R. Evid. 408 and/or 12 Okla. Stat. § 2408.   This non-discoverability would, of course, include those documents that Plaintiff has broadly referred to as the "Divorce Trust" and, in particular, documents including the notes of Len Cason. Those documents on which Mr. Funk would have relied to prepare settlement proposals in the divorce proceedings, such as bank records and other financial statements, are not covered by the privilege if they were created for a non-settlement related purpose.

It appears that the basis for the dispute about Defendants' privilege log relates to the divorce settlement agreements and Defendants' position that they need not be included on a discovery log, as they are not documents otherwise discoverable.   Because the Court's

ruling is based on Defendants' description of these "settlement documents," and because Plaintiff should have a right to dispute that description, Defendants shall create and produce a privilege log which includes any items for which privilege related to settlement proceedings in the divorce is claimed.  This log shall be provided to Plaintiff within 30 days of the date of this Order.

Finally, Plaintiff asserts that he has, from sources other than Defendants, obtained documents which fall within the scope of his discovery.  Defendants do not directly dispute this point but argue that it should not be addressed because there was no meet and confer on those documents.  Rather, than wade into the dispute over what was covered in the conferences held by the parties, the Court will simply state that Defendants shall produce documents consistent with the rulings herein within 20 days of the date of this Order. Following that deadline, if Plaintiff establishes that Defendants have failed to produce documents that are discoverable, significant sanctions will be imposed.

As set forth more fully herein, Plaintiff's Motion to Compel Defendants Robert A. Funk and the Robert A. Funk Trust to Produce Documents (Dkt. No. 117) is GRANTED, in part.  As set forth herein, Defendants shall produce responsive documents within 30 days of the date of this Order.

IT IS SO ORDERED this 26th day of July, 2013.

ROBIN J. CAUTHRON
United States District Judge