IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM H. STOLLER, an individual and trustee of the William H. Stoller Trust, for himself and derivatively on behalf of Express Services, Inc., a nominal defendant, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-11-1144-C |
| ROBERT A. FUNK, an individual and trustee of the Robert A. Funk Trust, the ROBERT A. FUNK TRUST, ROBERT E. FELLINGER, and JERI CRAIG, individuals, and EXPRESS SERVICES, INC., a Colorado corporation, nominal defendant, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought the present action seeking to recover damages from Defendants on behalf of Express Services, Inc. ("ESI"), arising out of his claim that Defendant directors breached their fiduciary duties owed to ESI and thereby wasted ESI's corporate assets. During the course of discovery in this matter, documents which Defendant Fellinger (hereafter "Defendant") had sent to ESI's chief financial officer, Tony Bostwick, were produced to Plaintiff. Defendant argues that that production was improper and that Plaintiff should be required to return the documents to Defendant. Defendant also wants Plaintiff prohibited from using or considering the information in those documents in any other manner in this case. Defendant argues the documents are subject to the attorney-client privilege

and/or the work-product doctrine and therefore were not subject to discovery by Plaintiff. Plaintiff argues that, even if the documents were at one time subject to attorney-client privilege and/or work-product protection, either protection was lost when the documents were produced to a third party. Thus, Plaintiff argues, any privilege or protection was lost and the documents are now subject to discovery.

A. Scope of Protection

To resolve the dispute, the Court must first determine if the documents are covered by the attorney-client privilege and/or the work-product doctrine, which are, of course, two distinct doctrines. The attorney-client privilege governs communications between an attorney and his client and can cover third parties whose communications are necessary to further the attorney's representation of the client. See 12 Okla. Stat. § 2502.[1] The work-product doctrine protects any document prepared by an attorney in anticipation of litigation. See generally Hickman v. Taylor, 329 U.S. 495, 511 (1947). Generally speaking, materials that contain the impressions, conclusions, or theories of counsel constitute work product. As the party asserting protection from either attorney-client privilege or work-product doctrine, Defendant bears the burden of establishing the materials are covered by the protection from discovery. In re Grand Jury Subpoena, 697 F.2d 277, 279 (10th Cir. 1983).

B. Challenged Documents

---

[1] Plaintiff's claims against Defendants are premised on Oklahoma law, which therefore provides the scope of attorney-client privilege. See Fed. R. Evid. 501.

The parties have provided the documents in question for the Court's consideration and after review, the Court finds that the following documents are subject to the work-product doctrine and/or the attorney-client privilege.

ESI 0869799-0869802
ESI 0869876-086979
ESI 0859624
ESI 0869777-0869778
ESI 0869536
ESI 0869601
ESI 963368
ESI 963369

Each of these documents contains information which was a communication from counsel to his client and/or contained the thoughts, impressions, and strategies of the attorney for the benefit of the client and in furtherance of the representation of the client.

There is one document for which protection is argued, but not warranted. Document ESI 0869868 contains two sections, one of which is a communication between Defendant and Mr. Bostwick. This communication did not involve the advice of counsel or contain the work product or impressions of counsel; rather, it is a communication between two lay persons. The other section of the document is an e-mail from Defendant's counsel, and states it has an attachment. That attachment is a letter prepared by Defendant's counsel rendering legal advice which is privileged. Therefore, as to document ESI 0869868, the Court finds that the communication between Defendant and Mr. Bostwick is not subject to either the attorney-client privilege or the work-product doctrine, but for the reasons set forth above the letter from counsel to Defendant is privileged.

C.  Waiver

Because Defendant has established that certain of the documents are protected from discovery, he would normally be entitled to recover those documents from Plaintiff. However, Plaintiff argues there is an exception or waiver to the attorney-client privilege and/or work-product doctrine which supercedes the protection.  Because the analysis of waiver differs slightly between attorney-client privilege and work-product doctrine, the Court will analyze them separately.

1.  Attorney-Client Privilege

The parties are in agreement that Oklahoma law provides the standard for attorney-client privilege in this case.  Likewise, Oklahoma law governs whether the disclosure of a privileged communication does or does not operate as a waiver.  12 Okla. Stat. § 2502(E) provides:

> A disclosure of a communication or information covered by the attorney-client privilege or the work-product doctrine does not operate as a waiver if:
> 1.   The disclosure was inadvertent;
> 2.   The holder of the privilege took reasonable steps to prevent disclosure; and
> 3.   The holder of the privilege took reasonable steps to rectify the error . . . .

Defendant argues that he has demonstrated each of these elements and therefore no waiver applies.  The Court finds Defendant's claim fails at the first element.  It is clear from review of the documents that Defendant intentionally and specifically chose to forward the pertinent documents to Mr. Bostwick.  Any suggestion that the disclosure was inadvertent is frivolous.

While the fact that the documents ultimately were provided to Plaintiff may well have been unintended by Defendant; the issue for consideration here is the fact that the initial disclosure to a person other than Defendant, his counsel, or an agent of either, was intentional. Thus, absent an exception to be discussed below, once the documents were provided to Mr. Bostwick, they lost their protection under the attorney-client privilege.

### 2. Work-Product Doctrine

To establish the waiver of the work-product protection, a two-part test exists. First, the party must establish principles of law from which the Court can conclude waiver is proper. Second, the party must establish the facts necessary to find waiver under those legal principles. Holder v. Gold Fields Mining Corp., 239 F.R.D. 652, 655 (N.D. Okla. 2005). Because the Plaintiff is claiming the benefit of waiver, the burden of establishing these elements rests on him. Id. at 654. The legal principles relevant here are straightforward. "Courts will imply waiver when a party claiming the protection has voluntarily disclosed work product to a party not covered by the work-product doctrine." United States v. Ary, 518 F.3d 775, 783 (10th Cir. 2008) (citing Hanson v. United States Agency for Int'l Dev., 372 F.3d 286, 293–94 (4th Cir. 2004)). As discussed above, the facts are clear that Defendant disclosed the documents to Mr. Bostwick. Plaintiff has also established that Mr. Bostwick is not counsel for Defendant or an agent of either Defendant or his counsel. Likewise, Plaintiff has demonstrated that the disclosure to Bostwick neither furthered the purposes of the work-product doctrine or was made in a manner to assist either Defendant

or his counsel in representation.  Consequently the Court finds that Plaintiff has met his burden of establishing waiver of work-product doctrine for the challenged documents.

### 3. Joint Defense

In the absence of either attorney-client privilege or work-product doctrine protection, Defendant is without grounds to recover the documents from Plaintiff.  Defendant attempts to avoid this result by arguing that he and Mr. Bostwick share a common interest or have a common defense goal and therefore Mr. Bostwick was not a third party, but rather a part of the defense team.  According to Defendant, the Board of ESI had determined that a lawsuit was not in the best interest of ESI and therefore declined to pursue it.  The fact that Mr. Stoller has disagreed with that decision and is seeking to act on his own puts Mr. Stoller at odds with both Defendant and ESI.  Defendant further argues that ESI and the other Defendants have all acted in concert in an effort to defeat Plaintiff's claims against them.

To evaluate the merits of Defendant's arguments, it is first necessary to understand the idea and goals behind the common or joint defense concept.

> The joint defense privilege protects communications between an individual and an attorney for another when the communications are "part of an on-going and joint effort to set up a common defense strategy."  In order to establish the existence of a joint defense privilege, the party asserting the privilege must show that (1) the communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.

In re Bevill, Bresler & Schulman Asset Mgmt. Corp., 805 F.2d 120, 126 (3d Cir. 1986) (internal citations omitted).  In order to establish the joint defense relationship, Defendant must show that "(1) the documents were made in the course of a joint-defense effort; and

(2) the documents were designed to further that effort." In re Grand Jury Proceedings, 156 F.3d 1038, 1043 (10th Cir. 1998). The joint defense theory was created to allow multiple parties to join together to present a common defense against either criminal charges or a civil complaint. The idea is that when parties share common interests, they should be permitted to collaborate with each others' attorneys and amongst themselves in order to present the best defense possible. As noted above, the transmittals from Defendant to Mr. Bostwick, while certainly including privileged communication, do not in any way suggest that the communication was for the purpose of enhancing the defense of either ESI or Defendant. Rather, it simply appears that Defendant wished to share his counsel's impressions with a third party and receive feedback. It also appeared that Defendant was simply seeking to discuss with someone his intent going forward in terms of ESI and issues coming before the Court. While it may be that Defendant and ESI are entitled to joint defense status on some issues, that status does not exist for the documents in question. Because Defendant has failed to show an exception to waiver and his transmittal of the documents to Mr. Bostwick waived any claim of attorney-client privilege, the documents are subject to discovery.

D.  Motion to Compel

Plaintiff has filed a Motion to Compel, seeking disclosure of communications between ESI and Defendants Fellinger, Funk, and Craig. According to Plaintiff, these Defendants have refused to disclose communications, relying on the joint defense/common interest theory discussed herein. As set forth above, Defendants have failed to come forward with factual evidence on which to base their claim of joint or common defense. While they have

7

provided some legal argument on the topic, they have failed to apply that law to the facts in a manner from which the Court can find the doctrine applicable. Thus, to the extent Defendants are refusing to answer deposition questions or produce discovery on the basis of the joint defense/common interest doctrine, that objection is overruled. However, Defendants and ESI point out that there are other problems with Plaintiff's discovery, such as its breadth ("all communications") and the fact that certain of the documents may be consistent with the Court's rulings herein, subject to attorney-client privilege and/or work-product protection. Additionally, the fact that Plaintiff's motion[2] seeks "all communications" without any temporal or functional limitation makes the motion overbroad.

For the reasons set forth herein, Defendant Fellinger's Motion to Compel Return of Inadvertently Produced Documents (Dkt. No. 128) is DENIED. Plaintiff's Motion to Compel Discovery of Defendants' Communications with Express Services, Inc. (Dkt. No. 127), is GRANTED in part, consistent with the rulings herein.

IT IS SO ORDERED this 1st day of October, 2013.

ROBIN J. CAUTHRON
United States District Judge

---

[2] It may be that the actual discovery requests are more limited. However, those requests were not provided. Certainly, the language of Plaintiff's motion is overly broad.