IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM H. STOLLER, an individual and trustee of the William H. Stoller Trust, for himself and derivatively on behalf of Express Services, Inc., a nominal defendant, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-11-1144-C |
| ROBERT A. FUNK, an individual and trustee of the Robert A. Funk Trust, the ROBERT A. FUNK TRUST, ROBERT E. FELLINGER, and JERI CRAIG, individuals, and EXPRESS SERVICES, INC., a Colorado corporation, nominal defendant, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff has filed a Motion to Compel challenging the claim of privilege Defendant Funk has asserted for communications involving Jarold Callahan and Mark Squires.  Funk has refused to produce the requested documents asserting they are subject to the attorney-client privilege and/or work-product doctrine.  Plaintiff argues that neither individual is an attorney or falls within the class of persons whose skills are necessary to effectuate legal representation.  Plaintiff argues that as a result any communication shared with either Callahan or Squires has lost any claim of privilege.

Funk asserts that Callahan and Squires are his representatives, as that term is defined in 12 Okla. Stat. § 2502(A)(4).[*] That statute states:

> A "representative of the client" is:
> a. one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client, or
> b. any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client;.

Funk has provided an affidavit attesting that both Callahan and Squires are authorized by him to obtain legal services and act on his behalf regarding those services.  Plaintiff has offered no evidence to counter this assertion.  The Court finds Callahan and Squires are representatives of Funk as defined by § 2502(A)(4).   Section 2502(B) includes representatives in the scope of persons whose communications are protected by the attorney-client privilege.

For the reasons set forth herein, Plaintiff's Motion to Compel Discovery of Documents from Defendant Robert A. Funk (Dkt. No. 176) is DENIED.

IT IS SO ORDERED this 7th day of February, 2014.

ROBIN J. CAUTHRON
United States District Judge

---

[*] Because this is a diversity case, Fed. R. Evid. 501 provides that state privilege laws govern.